**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAJINDER SINGH, | No. 10-73366 |
| Petitioner, | |
| v. | Agency No. A089-043-081 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| RAJINDER SINGH, | No. 11-72352 |
| Petitioner, | |
| v. | Agency No. A089-043-081 |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2015**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

Rajinder Singh petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal of a decision by an Immigration Judge ("IJ") denying applications for asylum and withholding of removal. In a second petition for review, Singh challenges the BIA's denial of his motion to reopen. We deny both petitions.

**1.** Substantial evidence supports the IJ's conclusions that Singh failed to demonstrate past persecution and would not be persecuted if returned to India. In particular, the country reports presented sufficiently individualized evidence as to the lack of probability of future persecution. *See Singh v. Lynch*, --- F.3d --- , 2015 WL 5515484 (9th Cir. 2015); *Singh v. Holder*, 753 F.3d 826, 830–37 (9th Cir. 2014). We therefore **DENY** Singh's petition for review of the BIA decision dismissing his appeal from the IJ's denial of the application for asylum and withholding.[1]

**2.** The BIA's determination that Singh's motion to reopen was untimely under 8 U.S.C. § 1229a(c)(7)(C)(i) was not an abuse of discretion. Singh's motion to reopen was filed more than ninety days after the final administrative order of removal was entered, and Singh did not establish that he was entitled to equitable

---

[1] Although Singh also sought relief under the Convention Against Torture, his petition for review does not challenge the denial of that relief.

tolling. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (finding equitable tolling appropriate when an applicant "is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error"). Nor did he present previously unavailable evidence that demonstrated a likelihood of future persecution on account of a protected ground. *See Singh v. Holder*, 753 F.3d at 836. The petition for review of the BIA's denial of the motion to reopen is therefore **DENIED.**